

**Celena R. Mayo**
212 915 5854 (direct)
Celena.Mayo@wilsonelser.com

January 24, 2014

Hon. Marilyn D. Go
US District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:      Odermatt, et al. v. New York Methodist Hospital
         Docket No.:   CV 13-2564
         Our File No.:  10895.00188

Dear Judge Go:

This office represents defendant New York Methodist Hospital in the above captioned FLSA collective/class action matter.  We write to request the Court's assistance in obtaining the return of documents in plaintiffs' counsel's possession which we believe to contain protected health information ("PHI") wrongfully taken from the Hospital by opt-in plaintiff Tricia Narcisse.  As explained further below, we attempted to resolve this matter amongst counsel without the court's intervention, but, have been unable to.  The documents in question contain PHI protected from disclosure by the Health Information Privacy and Accountability Act ("HIPAA"), and our discovery that the documents were taken from the Hospital places affirmative burdens on the Hospital to notify: the patients in question, post public notice regarding the unauthorized use of PHI, notify the Secretary of Health and Human Services, and mitigate potential harm to the patients caused by the inappropriate disclosure, including, to the extent possible preventing further disclosure of the patients' PHI.  While we have requested from plaintiff's counsel that the documents be returned to us, he has refused and instead claimed that our request is being made in retaliation for Ms. Narcisse's opting-in to the present action.

**<u>Background:</u>**

Opt-in plaintiff Tricia Narcisse was employed by the Hospital as an Assistant Nurse Manager in the Hospital's Maternal Child Care Unit until May 2013.  Following her opting in to the present action, defendant served her with its document demands and interrogatories and on January 15, 2014 this office received her responses.  On conducting an initial review of the production, it became apparent that approximately 200 pages of patient records produced to us by plaintiff consisted of screen shots of patient lists containing, among other things, patient names, dates of birth, and the name of the unit to which the patient was admitted.  Typically, each page contains 10 to 12 patient names.  At this juncture we cannot be certain how much patient information is actually contained in these documents because plaintiff's counsel redacted them prior to

Albany • Baltimore • Boston • Chicago • Connecticut • Dallas • Denver • Garden City • Houston • Las Vegas • London • Los Angeles • Louisville • McLean
Miami • Milwaukee • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Washington, DC • West Palm Beach • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Munich • Paris
**wilsonelser.com**

**WILSON ELSER**
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

- 2 -

production.   However, we estimate that as many as 2400 individual patients' PHI may be involved.

On January 16, 2014, in an effort to comply with the Hospital's obligations to retrieve and safeguard PHI, I contacted plaintiff's counsel to discuss the urgency of the situation, explain the ramifications for a breach of confidentiality, explain that the Hospital had an obligation to report the unauthorized use of PHI, and to request that he confer with his clients to determine whether any other patient records were in their possession.  I also requested that the original un-redacted documents be returned to me as soon as possible and told Mr. Lipman that I would also forward him a letter on this issue.  Mr. Lipman said he would speak to his clients.

On January 21, 2014 I forwarded to Mr. Lipman the promised letter and on January 22, 2014 I sent Mr. Lipman an email asking when the documents would be ready to be picked up.  In response, Mr. Lipman denied that his clients have any PHI and stated "We find your letter to be retaliatory based on the fact that Tricia [Narcisse] opted into the case."  Following an email exchange, we asked that Mr. Lipman return the documents to my office by January 24 at 5:30. He has not done so, nor has he contacted my office to make alternate arrangements.

**<u>Applicable Law:</u>**

PHI includes individually identifiable information, including demographic information, received by a health care provider that relates to the past present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual.  Information is considered individually identifiable if it identifies the individual or if there is a reasonable basis to believe that it could be used to identify the individual. *See* 45 CFR § 160.103.  For example, PHI can be as simple as the name of a provider and the name of a patient, which in certain contexts would reveal that the provider is providing health care to the patient.  A last name with additional information can also be PHI as the combination of information may allow for the individual to be identified.  *See generally*, 65 Fed. Reg. 82611-82613 (December 28, 2000) (responding to comments regarding what is considered individually identifiable information and indicating that "Congress…intended to go beyond 'direct' identification and to encompass circumstances in which a reasonable likelihood of identification exists.)

Any use of unsecured PHI for unauthorized purposes constitutes a breach of confidentiality.  45 CFR § 164.402 (Definition of Breach).  The rules permit a covered entity to use PHI for the following purposes: payment, treatment, and health care operations without a patient authorization and for other specific functions (responding to public health authority, law enforcement, etc.).  Where an employee accesses, uses or discloses PHI in a way not permitted by 45 CFR Part 164, Subpart E (commonly referred to as the "Privacy Rule") the Privacy Rule has been violated.  45 CFR 164.502.

Where an unauthorized use of PHI has occurred, the covered entity, i.e., the Hospital, is required to:

   1)  Notify the affected patients.  45 CFR § 164.403.

**WILSON ELSER**
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

- 3 -

    2)  If a breach involving more than 500 individuals is identified:

        a.  No later than 60 days after learning of the disclosure, the Hospital must make a public announcement via an alert to the media. 45 CFR § 164.403;

        b.  Notify the Secretary of Health and Human Services within 60 days of learning of the breach.  45 CFR § 164.408;

    3)   Take steps to mitigate harm to the impacted individuals. 45 CFR § 164.530(f).

The Department of Health and Human Services is authorized to penalize infractions by fines of up to $ 50,000 per occurrence. 42 USC § 1320d-5, 45 CFR Part 160, Subpart D.  In addition, the federal government can choose to pursue criminal prosecution.  42 USC § 1320d-6.  A violation of HIPAA is also considered misconduct for nursing professionals under New York State law and can subject the professional to possible discipline by the New York State Education Department. 8 NYCRR 29.1(b)(8).

**Analysis**:

The documents in question clearly contain PHI and plaintiffs may be in possession of additional PHI documents.  The information included in the patient lists consist of, among other things, patient names, dates of birth, and the Hospital's unit to which the patient was admitted.  In light of the number of pages of documents (over 200) and the typical number of records contained on each such document (10-12), defendants estimate that the documents in Ms. Narcisse's (and her attorney's) possession could contain the records of over 2,400 patients.  Defendant understands that Ms. Narcisse took these records - without the Hospital's authority, and most importantly, without the authority of the 2400 patients whose records are maintained on these documents - in order to support her claims in the FLSA matter.  However, that is not a permissible use of PHI under HIPAA.

The Hospital is mandated by HIPAA to provide notice to its patients within a reasonable time but no later than sixty days from discovery of a breach.  Based on the potential size of the unauthorized use the Hospital may also be obligated to report the breach within sixty days to the Secretary of the U.S. Department of Health and Human Services and to media outlets covering the jurisdiction in which the patients are located.  Any delay in reporting this unauthorized use could result in the imposition of even larger fines on the Hospital.  However, in light of the fact that plaintiff has redacted the documents provided to us in production, it is impossible for us to determine who the affected individuals are. Accordingly, we require the return of the original un-redacted documents.  Plaintiff's refusal to do so is not grounded in any legal precedent.  Nor is counsel's assertion that the Hospital's attempt to resolve this is retaliatory since the Hospital has no discretion in this matter. The law is clear, the Hospital must report this unauthorized use and the imposition of fines, criminal penalties, or professional discipline is determined by the relevant governmental authorities, not by the Hospital.  Further, by failing to cooperate with Hospitals investigation of the breach plaintiffs prevent the Hospital from mitigating harm to the impacted individuals.

- 4 -

Accordingly, we respectfully request that the Court issue an order requiring plaintiffs to return to the Hospital any and all PHI in their possession custody or control.

Thank you for your consideration of this request.

Respectfully submitted,

Wilson Elser Moskowitz Edelman & Dicker LLP

/S Celena R. Mayo

Celena R. Mayo

Cc:     Bob Lipman, plaintiffs' counsel, By ECF